FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 05 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VINO KUMAR SAVAL and GITA KAMALA NANIKRAM, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 05-75622 <br><br> Agency Nos.    A071-950-956 <br>                A071-950-957 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2010[**]
San Francisco, California

Before: NOONAN, McKEOWN[***], and CALLAHAN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    Judge McKeown was drawn to replace Judge Hall on this panel after her death.

Vino Kumar Saval petitioned for review of the Board of Immigration Appeals ("BIA") decision dismissing his appeal of the immigration judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture. While his appeal was pending before this court, Saval died. His petition for review is now moot. *See Gonzalez v. Holder*, 594 F.3d 1094, 1095 (9th Cir. 2010).

Saval's spouse, Gita Kamala Nanakram, was a derivative beneficiary on Saval's asylum application. *See* 8 C.F.R. §§ 208.14(f), 1208.21(b). No statute, regulation, or BIA precedent decision clearly addresses the effect of an asylum applicant's death on derivative beneficiaries. We remand to the BIA to address this issue in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002).

**REMANDED.**